*368
Curia, per

Earle, J.
It is said by the court in Cohen vs. Hume, “ that it is not now to be made a question whether a ferryman is a common carrier. That has been adjudged in Cook vs. Gourdine, and recognized in Miles vs. Johnson, 1 McC., 439.” When we look to the definition of a common carrier, one who undertakes for hire or reward to transport the goods of such as choose to employ him, from place to place, it seems strange that it should have ever been doubted here, that the owner of a public or chartered ferry-is to be regarded as a common carrier. For notwithstanding what is said by Mr. Justice Nott in Cook vs. Gourdine, I can see no real difference between the transportation of goods in a boat across a stream from bank to bank, and along a stream from one point to another. Nor does there seem to be any reason why this liability should be confined to persons who keep chartered ferries on public roads. A man may certainly so use his private ferry, • on a road not opened by public authority, nor repaired by publiclabor, as to subject himself to the liability of acommon carrier; if he undertakes for hire to convey across the river •all persons indifferently, with their carriages and goods.— Whether the defendant had made himself so liable, was a question which depended upon the habitual employment of the ferry heretofore, inasmuch as there was no proof that the plaintiff paid ferriage or had agreed to pay. An express contract for payment of a specific sum was not necessary to charge the defendant, nor indeed an express contract that he should be paid anything. It is equally clear that he was not liable as a carrier, if the undertaking was gratuitous, and so regarded by the parties. This question was submitted to the jury, upon the proof of the previous usage there — whether he had so used the ferry as to induce the common belief that he conveyed passengers and their goods for compensation 'l Whether he had held himself out to the world as ready at all times to convey across the stream such as travelled that road for the customary rates of ferriage 1 or the contrary. The ferry was an appendage to the plantation and mills; there was no appointed 'ferryman, habitually employed; travellers from distant places usually offered pay, and it was usually accepted; but this was not considered a charge so much as a meregratu *369 ity, and was retained by the person who actually officiated as ferryman, instead of being claimed by the defendant or paid to him. Under such circumstances it could hardly be said that he incurred the obligation to convey across the stream all who applied and offered to pay; or that when he did undertake, he subjected himself to the liabilities of a common carrier, as a person performing the work for a reward. The court perceives no sufficient reason to disturb the verdict of the jury, which has been found on the belief that the undertaking of the defendant was without reward. That there has been a ferry there, used by those who have heretofore owned the property, for thirty years or more, cannot help the plaintiff, if the use has been strictly private, as the jury suppose. The defendant has not set up any right by prescription, and until he does, we need not consider what he may claim. The question of gross negligence was also disposed of by the.jury.
Motion refused.
Richardson, O’Neall, Evans and Butler, JJ., concurred.